**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BOEHINGER INGELHEIM INT'L,** | : | |
| **GMBH, et. al.** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 09-366(FSH)** |
| **v.** | : | |
| | : | |
| **MYLAN PHARMS. INC., et. al.** | : | **CORRECTED[1] ORDER** |
| | : | |
| | : | |
| **Defendant.** | : | |

This matter having come before the Court on the motion of Saiber LLC ["the movant"],

attorneys for defendant Mylan, for the pro hac vice admission of Jill M. Ondos, Esq. and Andrew

J. Kozusko, III, Esq., ["counsel"], pursuant to Local Civ. R. 101.1; and the Court having

considered the certification and declarations in support of the motion, which reflect that counsel

satisfies the requirements set forth in Local Civ. R. 101.1(c)(1); and there being no objection to

this motion; and for good cause shown,

IT IS ON THIS 17th day of March, 2009

ORDERED that the motion for the pro hac vice admission of counsel [Docket Entry No.

23] is granted;

IT IS FURTHER ORDERED that counsel shall abide by all rules of this Court, including

all disciplinary rules, and shall notify the Court immediately of any matter affecting counsel's

standing at the bar of any court;

IT IS FURTHER ORDERED that counsel is deemed to consent to the appointment of the

Clerk of the Court as the agent upon whom service of process may be made for all actions against

---

[1] Chambers was advised by counsel telephonically that the original Order contained an inadvertent mis-spelling of "Kozusko." This order corrects the spelling.

counsel that may arise from counsel's participation in this matter;

IT IS FURTHER ORDERED that the movant shall (a) be attorneys of record in this case in accordance with Local Civil R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsel in this matter;

IT IS FURTHER ORDERED that counsel shall make payments to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represents the client in this matter;

IT IS FURTHER ORDERED that counsel shall each pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with Local Civ. R. 101.1(c)(3); and

IT IS FURTHER ORDERED that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or their inability to be in attendance at proceedings.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**