UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**BOEHRINGER INGELHEIM,** :
: **Civil No. 09-366(FSH)**
**Plaintiff,** :
:
v. :
: **PRETRIAL SCHEDULING ORDER**
**MYLAN PHARMS., INC., ET AL.** :
:
**Defendants** :
_____:

      **THIS MATTER** having come before the Court for a scheduling conference on the record pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 24, 2009; and the Court being advised that the Federal Circuit will be holding oral argument on June 1, 2009 regarding the decision of the United States District Court for the District of Delaware that had declared the patent at issue invalid; and the parties agreeing that affirmance of the decision will end this case but disagreeing about the impact of a decision that reverses the decision of the United States District Court; and the Court setting certain deadlines to enable the parties to attempt to obtain a ruling from the Federal Circuit without unduly delaying these proceedings; and for the reasons discussed on the record; and for good cause shown,

      **IT IS on this 24th day of April, 2009**

      ORDERED that:

      1. The request to stay discovery is denied without prejudice to the decision of the United States District Judge on the cross-motion of plaintiff to stay all proceedings and the request of the defendant to stay only discovery;

      2. No later than **May 7, 2009,** the parties shall submit a proposed pretrial schedule that tracks the sequence of proceedings that are set forth in the Local Patent Rules and which requires all proceedings to commence August 30, 2009 except that invalidity, noninfringement, patent claims that the plaintiff contends are infringed, infringement and validity contentions are to be disclosed in advance of August, 2009;

      3. The discovery taken in the Delaware action shall be deemed as if taken in this case and any additional discovery shall be focused upon issues that are presented by the differing dosage at issue in this case and hence shall be supplemental to the discovery already taken;

      4. The proposed discovery confidentiality order and certification required by L. Civ. R. 5.3 shall be submitted no later than **May 7, 2009;**

      **IT IS FURTHER ORDERED THAT:**

## I. COURT DATES

1. There shall be telephone status conferences before the Undersigned on:

    TO BE SET AFTER MAY 7, 2009

    Plaintiff shall initiate the telephone calls.

2. There will be a settlement conference before the Undersigned on **TO BE SET.** Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **To be set after May 7, 2009.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4. a. Fed. R. Civ. P. 26 disclosures, ANDAs, and the NDA are to be exchanged on or before **To be set after May 7, 2009.**

    b. Invalidity and noninfringement contentions shall be disclosed no later than **To be set after May 7, 2009.**

    c. Claims, infringement, and validity contentions shall be disclosed no later than **To be set after May 7, 2009.**

    d. Supplemental invalidity and noninfringement contentions shall be disclosed no later than **To be set after May 7, 2009.**

    e. No later than **May 7, 2009,** the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1] All documents shall be produced for outside counsel eyes only until the Order is entered.

    f. Documents reflecting reliance on counsel's advice in connection with willfulness shall be disclosed no later than 21 days after the order resolving the motion for summary judgment.

5. Discovery necessary to engage in meaningful settlement discussions: **none.**

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

6. The parties may serve interrogatories limited to 25 single questions including subparts and requests for production of documents on or before **To be set after May 7, 2009,** which shall be responded to no later than **To be set after May 7, 2009.** The final set of demands shall be served no later than **To be set after May 7, 2009.** Final supplemention to contention interrogatories shall be disclosed no later than **To be set after May 7, 2009.** [2]

7. The number of depositions to be taken by each side shall not exceed 10. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **To be set after May 7, 2009.**

8. Fact discovery is to remain open through **To be set after May 7, 2009.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response;(c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **To be set after May 7, 2009**. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10. Any motion to amend pleadings or join parties must be filed by **to be set after May 7, 2009.**

11. a. The parties shall identify the claims that are to be construed no later than **to be set after May 7, 2009.**

b. The parties shall provide their proposed claims constructions no later than **to be set after May 7, 2009.**

c. The parties shall file their joint claims construction chart no later than **to be set after May 7, 2009.**

---

[2] The Court added this deadline to address contention interrogatories that the parties may serve. This deadline does not relieve the party of providing a timely response to the interrogatory when it is served.

      d. Markman fact discovery shall be completed no later than **to be set after May 7, 2009 if needed.**

      e. Markman opening briefs shall be filed no later than **to be set after May 7, 2009 if needed.**

      f. Markman expert depositions shall be completed no later than **to be set after May 7, 2009 if needed.**

      g. Markman responsive briefs shall be filed no later than **to be set after May 7, 2009 if needed.**

      h. All other dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference and shall comply with Local Rule 7.1 and 56.1 (if the motion is for summary judgment. All pretrial dispositive motions shall be filed no later than **to be set after May 7, 2009.** No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **to be set after May 7, 2009** and any replies shall be submitted no later than **to be set after May 7, 2009**. The return date shall be **to be set after May 7, 2009** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III. EXPERTS

    12. All affirmative expert reports shall be delivered by **to be set after May 7, 2009.**

    13. All responding expert reports shall be delivered by **to be set after May 7, 2009.**

    14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b. All expert depositions shall be completed by **to be set after May 7, 2009.**

### IV. FINAL PRETRIAL CONFERENCE

    15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **to be set after May 7, 2009.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

    16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

    17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.   With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.   The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **to be set after May 7, 2009.** All counsel are responsible for the timely submission of the Order.

20.   The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V.  MISCELLANEOUS

21.   The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.   A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.   Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25.   **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER  MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**
